**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NAOMI SHAMICAH SMITH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NOVO NORDISK A/S, NOVO NORDISK ) <br> INC., ELI LILLY AND COMPANY, ) <br> LILLY USA, LLC, JOHN DOES 1-10 ) <br> (fictitious parties), and ABC ) <br> CORPORATIONS 1-10 (fictitious ) <br> designations), ) <br> ) <br> Defendants. ) | Case No. 25-17268 |

## NOTICE OF REMOVAL

Defendants Eli Lilly and Company and Lilly USA, LLC (collectively, "Lilly"), by and through its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Lilly states as follows:

1. On or about November 6, 2025, Plaintiff Naomi Shamicah Smith commenced this action by filing a Complaint in the Superior Court of the State of New Jersey, Law Division, Middlesex County, bearing Case No. MID-L-007915-25, against Lilly and Defendants Novo Nordisk A/S and Novo Nordisk, Inc. (collectively, "Novo"). Pursuant to 28 U.S.C. § 1446(a), a copy of the original Complaint filed in state court is attached hereto as Exhibit A.

2. No previous application for removal has been made.

## TIMELINESS

3. Plaintiff filed this action in state court on November 6, 2025.

4. This Court has jurisdiction over this matter as there is complete diversity of citizenship between the parties. As required by 28 U.S.C. § 1446(b), Lilly files its Notice of

Removal within 30 days of receipt of the Complaint. In accordance with 28 U.S.C. § 1446(b), this action has been on file for less than one year. Accordingly, removal of this action is timely.

## DIVERSITY JURISDICTION EXISTS

5. This is a civil action that falls under the Court's original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity of citizenship) and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

6. Plaintiff is a citizen of Illinois, based on information and belief. (*See* Ex. A ¶ 16).

7. Defendant Eli Lilly and Company is an Indiana corporation with its principal place of business in Indianapolis, Indiana. For purposes of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Eli Lilly and Company, therefore, is a citizen of Indiana.

8. Defendant Lilly USA, LLC is a limited liability company organized under the laws of the State of Indiana. Lilly USA, LLC's sole member is Eli Lilly and Company, which, as noted above, is a citizen of Indiana. *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (holding that "a limited liability company is a citizen of all the states of its members"). Lilly USA, LLC, therefore, is a citizen of Indiana.

9. Defendant Novo Nordisk A/S is a Denmark corporation with its principal place of business in Bagsværd, Denmark. For purposes of determining diversity, a corporation is deemed to be a citizen of both the state of its incorporation and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Novo Nordisk A/S, therefore, is a citizen of Denmark.

10. Defendant Novo Nordisk, Inc. is a Delaware corporation with its principal place of business in Plainsboro, New Jersey. For purposes of determining diversity, a corporation is deemed

to be a citizen of both the state of its incorporation and the state where it has its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).  Novo Nordisk, Inc., therefore, is a citizen of Delaware and New Jersey.

11.     Fictitious defendants John Does and ABC Corporations are disregarded for purposes of determining diversity.  *See Scott v. Dollar Tree Stores, Inc.*, No. CV 17-9168 (JLL), 2017 WL 6447872, at *3 (D.N.J. Dec. 18, 2017).

12.     This Court has jurisdiction over this matter because, upon information and belief, Novo has not been served in the state court action and complete diversity exists.  *See* 28 U.S.C. § 1332 and 1441.  Further, because Novo has not been served, consent to remove this action to federal court is not required in this matter pursuant to 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action").  As such, this action may be properly removed.

### FORUM DEFENDANT RULE IS INAPPLICABLE

13.     Under 28 U.S.C. § 1441(b)(2), commonly known as the Forum Defendant Rule, an action that is removable solely on the basis of diversity jurisdiction may not be removed "if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought" (emphasis added).  Here, the Forum Defendant Rule does not apply to bar removal because, upon information and belief, the in-state defendant, Novo Nordisk, Inc., has not been "properly joined and served." *See Encompass Insurance Co. v. Stone Mansion Restaurant, Inc.*, 902 F.3d 147 (3d Cir. 2018).

### AMOUNT IN CONTROVERSY SATISFIED

14.     The amount in controversy in this action exceeds $75,000, exclusive of interest and cost, under the "reasonable probability" standard recognized by this Court.  Section 1446(c)(2)(B)

instructs that "removal . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district courts finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. The preponderance of the evidence standard is satisfied by "proof to a reasonable probability." *Roundtree v. Primeflight Aviation Servs., Inc.*, No. 16–9609, 2017 WL 3207439, at *2 (D.N.J. July 28, 2017).

15. When the complaint does not allege a specific amount of damages, the Court should conduct an independent appraisal of the value of the claim. *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993). The amount in controversy is determined "not . . . by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Id.*

16. Given the alleged severity of Plaintiff's injuries and their claims for damages, it is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount beyond $75,000, exclusive of costs and interest. Plaintiff claims that they suffered "from cyclical vomiting requiring hospitalization and its sequelae, which resulted in, for example, debilitating nausea, debilitating vomiting, debilitating abdominal pain, and emotional distress." (Ex. A ¶ 22). Similarly, Plaintiff alleges that they "sustained severe personal injuries, pain, suffering, and emotional distress, and incurred medical expenses." (Ex. A ¶ 23).

17. Nowhere in the Complaint does Plaintiff limit the amount in controversy to less than $75,000. (*See* Ex. A). In fact, Plaintiff seeks punitive damages. (Ex. A at p. 139).

18. New Jersey district courts have recognized that the amount in controversy exceeded $75,000 in actions with similar personal injury allegations to those made here. *See, e.g.*, *Dugan v. Acme Markets, Inc.*, No. 15-5267, 2016 WL 266350, at *3 (D.N.J. Jan. 21, 2016) (denying plaintiff's motion to remand because general allegations of "severe and painful bodily injuries" were enough to establish the amount in controversy); *Otero v. CVS Pharmacy Inc.*, No.

CV1915798SDWLDW, 2020 WL 289556, at *3 (D.N.J. Jan. 21, 2020) ("Although Plaintiffs have not pleaded the specifics of [plaintiff]'s injuries, even these general allegations prevent the Court from concluding to a legal certainty that her injuries do not exceed $75,000.").

19. Because Plaintiff's Complaint sets forth general personal injury allegations in addition to a claim for punitive damages, there is a reasonable probability that the amount in controversy is satisfied.

20. As demonstrated above, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), because the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000, and the action is between citizens of different states.

21. Accordingly, Lilly respectfully removes this action from the New Jersey Superior Court, Law Division, Middlesex County, bearing Case No. MID-L-007915-25, to this Court under 28 U.S.C. §§ 1332(a) and 1441(b).

## VENUE

22. Plaintiff's action is pending in the Superior Court of New Jersey, Law Division, Middlesex County, which is within this judicial district. *See* 28 U.S.C. § 110.

## NOTICE

23. Pursuant to 28 U.S.C. § 1446(d), Lilly is filing a written Notice of the Filing of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Middlesex County, along with a copy of the Notice of Removal. These papers are being served upon Plaintiff's counsel as required by 28 U.S.C. § 1446(d).

## COPIES OF ALL PLEADINGS

24. The Complaint is attached hereto as Exhibit A.

25. The foregoing represents all of the process, pleadings, orders, other papers, or exhibits filed in the state court action.

**WHEREFORE,** Lilly gives notice that the matter captioned *Naomi Shamicah Smith v. Novo Nordisk A/S, Novo Nordisk Inc., Eli Lilly and Company, Lilly USA, LLC, John Does 1-10 (fictitious parties), and ABC Corporations (fictitious designations)*, in the Superior Court of the State of New Jersey, Law Division, Middlesex County, Docket No. MID-L-007915-25, is removed to the United States District Court for the District of New Jersey.

Dated: November 6, 2025            Respectfully Submitted,

*/s/ Melissa Geist*
Melissa Geist
Julia Lopez
**REED SMITH LLP**
506 Carnegie Center, Suite 300
Princeton, New Jersey 08540
Tel: (609) 514 5978
Fax: (609) 951 0824
mgeist@reedsmith.com
jalopez@reedsmith.com

*Attorneys for Defendants Eli Lilly and Company and Lilly USA, LLC*

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that as of November 6, 2025, the specific matters raised herein are not the subject of any other pending lawsuit, arbitration, or administrative proceeding, except the state court action that is being removed.  The underlying product use and alleged injuries are common to actions pending in MDL No. 3094 in the Eastern District of Pennsylvania, *In Re Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*.

        */s/ Melissa Geist*
        Melissa Geist
        **REED SMITH LLP**
        506 Carnegie Center, Suite 300
        Princeton, New Jersey 08540
        Tel: (609) 514 5978
        Fax: (609) 951 0824
        mgeist@reedsmith.com

        *Attorneys for Defendants Eli Lilly and Company and Lilly USA, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. A copy of the foregoing was also served via email and United States Postal Service, postage pre-paid, on the following counsel:

Alexander Bylinkin
MORGAN & MORGAN PHILADELPHIA, PLLC
30 Montgomery Street, Suite 410
Jersey City, New Jersey 07302
ABylinkin@forthepeople.com


Dated:  November 6, 2025

                                                */s/ Melissa Geist*
                                                Melissa Geist